IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  3:09cr80/MCR/EMT
                3:16cv289/MRC/EMT

JOHN MARSHALL WILLIAMS

### **REPORT AND RECOMMENDATION**

This matter is before the court upon a "Motion to Correct Sentence Under 28 U.S.C. § 2255" and memorandum in support thereof filed by John Marshall Williams, through counsel (ECF Nos. 28, 31). The Government filed a response and a notice of supplemental authority (ECF Nos. 34, 35). Mr. Williams did not file a reply. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, it is the opinion of the undersigned that the § 2255 motion should be denied without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND

On July 21, 2009, a grand jury charged John Marshall Williams in a single-count indictment with possession of a firearm by a convicted felon (ECF No. 1). Mr. Williams entered a guilty plea on August 28, 2009, pursuant to a written plea agreement (ECF Nos. 16–18).

The Presentence Investigation Report ("PSR") determined that Mr. Williams' total offense level, calculated under Chapter Two of the guidelines, was 31 (ECF No. 26, PSR ¶¶ 18–28).  However, Mr. Williams qualified as an Armed Career Criminal under 18 U.S.C. § 924(e) due to a criminal history which included multiple convictions for burglary, and five convictions for robbery arising out of both Florida and Georgia (PSR ¶¶ 33, 35, 36, 42–45, 48).  He was thus subject to an enhanced minimum mandatory term of fifteen years to life imprisonment, as well as the enhanced guidelines range set forth in U.S.S.G. § 4B1.4.  As a result of the Chapter Four designation, the PSR calculated Mr. Williams' total offense level after the acceptance of responsibility adjustment as 31 (PSR ¶ 27), although this was corrected at sentencing to be 30 (ECF No. 23 at 3, 40).  His criminal history category was VI based on 19 criminal history points, irrespective of his Armed Career Criminal designation (PSR ¶ 51).  The applicable advisory guidelines range,

after the correction to the PSR calculations, was 180 to 210 months' imprisonment (ECF No. 25). On November 12, 2009, the court sentenced Mr. Williams to an above-guidelines term of 300-months imprisonment (ECF Nos. 24, 25). Defendant did not appeal.

In June of 2016, Mr. Williams filed the instant motion claiming he is entitled to sentencing relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF Nos. 28, 31). The Government opposes the motion.

## ANALYSIS

Pursuant to the Armed Career Criminal Act ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the elements clause] or (ii) is burglary, arson, or extortion, involves the use of explosives [known as the enumerated offenses clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause]." 18 U.S.C.

§ 924(e)(2)(B)(i) and (ii).   An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2563.   Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.  *Johnson* inspired a flood of litigation, and many defendants obtained sentencing relief.

In the instant § 2255 motion, Mr. Williams claims that none of his prior burglary or robbery convictions qualify as violent felonies under the ACCA, and that he too is entitled to sentencing relief.

In *Beeman v. United States*, the court held that a defendant must show that the residual clause "actually adversely affected the sentence he received" to succeed on his *Johnson* claim.  *Beeman v. United States*, 871 F. 3d 1215, 1221 (11th Cir. 2017).   That is, absent the existence of the residual clause, he would not have been sentenced as an armed career criminal.  *Id.*   Thus, a defendant must show (1) the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause to qualify a prior conviction as a felony, and (2) "there were not at least three other prior convictions

that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." *Id.* It is the defendant's burden to show that, more likely than not, the residual clause led to the enhancement of his sentence. *Id.* at 1222. Even if Mr. Williams could meet that burden,[1] his request for relief must fail.

Mr. Williams' Florida robbery convictions alone are sufficient and numerous enough to support an armed career criminal designation. As to these convictions, Mr. Williams attempts to contrast binding Eleventh Circuit precedent and maintains that the element of "force, violence, assault, or putting in fear in the Florida robbery statute is overboard, and thus, cannot serve as a predicate ACCA offense" (ECF No. 31 at 7). He further asserts that there is "no binding precedent that holds pre-2000 Florida robbery convictions qualify as violent felonies," and that he "pleaded guilty to robbery at a time when mere snatching sufficed" to sustain a robbery conviction (*id.* at 12).

The record reflects that Mr. Williams' convictions are, factually, more than "mere snatching." Mr. Williams' three 1989 robbery convictions involved Mr. Williams' driving his brother to a business establishment, which his brother then

---

[1] The sentencing court noted Mr. Williams' "propensity for theft and theft with the assistance of a firearm, which is certainly categorized as a violent crime," which suggests that the court was relying on the elements clause, § 924(e)(2)(B)(i) (ECF No. 23 at 51).

Case Nos.: 3:09cr80/MCR/EMT; 3:16cv289/MCR/EMT

robbed, and then Mr. Williams' driving himself and his brother away from the scene of each robbery (on three separate occasions) (PSR ¶¶ 42–44). In 1990, Mr. Williams himself committed an armed robbery of a convenience store (PSR ¶ 45). Also, in 1994 in Georgia, Mr. Williams and his brother committed robbery by taking property from a male victim by use of a firearm (PSR ¶ 48).

Regardless of these facts, the Supreme Court recently held that a Florida robbery categorically qualifies as an ACCA predicate offense under the ACCA's elements clause. *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019). The Court stated that "'physical force,'" or "'force capable of causing physical pain or injury' . . . includes the amount of force necessary to overcome a victim's resistance. Robbery under Florida law corresponds to that level of force and therefore qualifies as a 'violent felony' under ACCA's elements clause." *Stokeling*, 139 S. Ct. at 555 (citation omitted). Therefore, Mr. Williams' argument that his four prior Florida robbery convictions are not ACCA predicates is foreclosed by *Stokeling*, and he is not entitled to sentencing relief.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 28) be **DENIED**.

2. A certificate of appealability be **DENIED**.

Case Nos.: 3:09cr80/MCR/EMT; 3:16cv289/MCR/EMT

At Pensacola, Florida, this 16th day of April 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:09cr80/MCR/EMT; 3:16cv289/MCR/EMT